FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 5 - 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                   08 CR 154 (SJ)

     -against-                          **MEMORANDUM
                                                   AND ORDER**

KASON SMITH,

             Defendant.
----------------------------------------------------------X

A P P E A R A N C E S
UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
225 Cadman Plaza East
Brooklyn, New York 11201
By:   Valerie Tocci, Esq.
Attorney for Plaintiff

FEDERAL DEFENDERS OF NEW YORK, INC.
16 Court Street – 3rd Floor
Brooklyn, NY 11241
By:   Michael D. Weil, Esq.
Attorney for Defendant

JOHNSON, Senior District Judge:

    This case involves a felon-in-possession. Presently before the Court is a motion by Kason Smith ("Smith" or the "Defendant") to suppress drugs recovered from the Defendant's person, as well as statements made to law enforcement following his arrest. The Defendant also seeks to bifurcate or sever his felon in possession count. For the reasons stated herein, the Defendant's requests are denied.

                               **I.  BACKGROUND**

On February 23, 2008, NYPD Police Officers Jose Garcia ("Garcia") and Antonio Orihuela ("Orihuela") were on patrol in the lobby of a New York City Housing Authority housing development known as the "Pink Houses." Pl.'s Oppn. to Def's Mot. to Suppress at 2 ("Pl.'s Oppn."). While on patrol, the officers allegedly observed the Defendant enter the lobby through an entrance in the back of the building. After noticing the presence of the officers, the Defendant allegedly rushed towards the main entrance at which point he was cut off by the officers, who asked him whether or not he lived in the building. Id. In response, the Defendant allegedly "grasped the left hand of Officer Garcia and stated "I have a gun. They made me do it." Id. At which point, the officer allegedly observed a "long bulge in the center of Defendant's jacket and the butt of a shotgun emerging from the bottom of the jacket." Id.

The officer then extricated himself from the Defendant and the Defendant began to flee the premises. Id. As the officers pursued him, they radioed for back-up help. After exciting the building, the Defendant allegedly dropped the shotgun and as he continued to flee, he was surrounded by NYPD police cars and placed under arrest. Id. at 3. While frisking the Defendant, the arresting officer discovered twelve zip-lock bags of crack cocaine. The Defendant was taken to the precinct station house and upon receiving and waiving his Miranda warnings, he indicated that he had "disclosed his possession of the above-mentioned shotgun to Officers Garcia and Orihuela and that he did have possession of the above-mentioned shotgun." Id. The Defendant was charged with possessing cocaine base with the intent to distribute it

P-049

in violation of 21 U.S.C. § 841, possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. §924(c), and possessing a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g).

## II. <u>MOTION TO SUPPRESS</u>

On a motion to suppress, a trial court is required to grant a suppression hearing only when a movant's affidavit contains specific factual allegations such that if proven at a hearing, the allegations would require the granting of the relief requested. As specifically stated in <u>United States v. Shaw</u>, 260 F. Supp. 2d 567, 570 (E.D.N.Y. 2003), a defendant who moves to suppress evidence seized following a search is not automatically entitled to an evidentiary hearing. (<u>See also</u> <u>United States v. Barrios</u>, No. 97-1364, 2000 U.S. App. LEXIS 7133, at *2 (2d Cir. Apr. 18, 2000)). Rather, the defendant must be able to show that there are contested issues of fact that necessitate an evidentiary hearing. <u>Id</u>. (<u>See also</u> <u>United States v. Jailall</u>, No. 00 CR 069, 2000 U.S. Dist. LEXIS 13733, at *22 (S.D.N.Y. Sept. 20, 2000)).

"It is well-settled that such showing must be made by an affidavit of someone with personal knowledge of the underlying facts." <u>Id</u>. A defendant whose attorney submits an affidavit on his or her behalf "is insufficient in that it does not. . . allege personal knowledge on the part of appellant's attorney; accordingly, there [is] no factual issue to be resolved." <u>United States v. Gillette</u>, 383 F.2d 843, 848 (2d Cir. N.Y. 1967). In <u>United States v. Gillette</u>, the Second Circuit Court of Appeals further held that in such a case, it is appropriate to deny a suppression hearing. <u>Id</u>.

In the instant case, the Defendant has not offered any information or made any substantive claims that raise factual disputes regarding the circumstances leading to his arrest. Neither has the Defendant submitted an affidavit of someone who has personal knowledge of the underlying facts. Therefore, the Defendant's motion to suppress the evidence in this case is denied.

### III. REQUEST TO SEVER OR BIFURCATE

The Defendant also requests to bifurcate or sever the charge of possessing a firearm as a previously convicted felon in violation of 18 U.S.C. §922(g), from his remaining charges. As noted *supra*, the Defendant is also charged with possessing narcotics with the intention to sell them, as well as possessing a shotgun in furtherance of said drug trafficking. The Defendant relies upon United States v. Jones, 16 F.3d 487 (2d Cir. 1994) to support his argument that "where a defendant is facing other charges besides a violation of 18 U.S.C. 922(g), the Second Circuit has recognized that bifurcation or severance or 'some other effective ameliorative procedure' may be appropriate due to the risk that a jury will be unable to follow a limiting instruction." Def. Mot. to Suppress ("Def. Mot.") at 3.

The government counters by pointing out that the Defendants reliance on Jones is misplaced as the facts of that case are distinguishable from those of the instant case. This Court agrees.

Primarily, the defendant in that case was tried for bank robbery and for the use of a firearm during a crime of violence - the robbery itself. Jones, 17 F.3d 487.

The initial trial resulted in a hung jury with ten votes for acquittal. Id. Prior to the second trial, the government added two additional counts of being a felon in possession of a firearm. The first additional count related to the gun that Jones used during the robbery and the second related to the gun he possessed at the time of his arrest. Id. at 489. The judge in that case severed the charge relating to the gun Jones possessed at his arrest but left joined the other count of felon in possession. The defendant's subsequent conviction in the second trial was vacated because the government failed to prove the interstate commerce element. Id. at 491-92. As a result, the Second Circuit found that there was a retroactive misjoinder which required the remaining convictions to be overturned and retried. Id. In addition, the Second Circuit noted that the government only added the felon in possession count to "buttress its case on the other counts." Id. at 492. The Court also noted that "there was an overwhelming probability that the jurors did not adhere to the district court's limiting instruction that 'repeated seven times that Jones had a prior felony conviction.'" Pl.'s Oppn. at 14.

Indeed, the facts of Jones are distinguishable from the instant case. Most obvious is the fact that the government did not add the felon in possession count to buttress its case following a mistrial. Additionally, Count Three is not a superfluous charge. Count Two charges the Defendant with possessing a gun in furtherance of drug trafficking. Count Three charges him with being felon in possession of the gun. As noted by the government, even if "the jury were to find that the defendant

did not possess the gun to further drug traffic and thus acquit him on Count Two, it still could find him guilty on Count Three for possessing the gun." Pl.'s Oppn. at 14.

As noted by the Court of Appeals in United States v. Gilliam, 994 F.2d 97 (2d Cir. 1993):

> "evidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence. A prior conviction is not prejudicial where the prior conviction is an element of the crime; rather, it 'proves the fact or issue that justified' its admission. Section 922(g)(1) outlaws possession of a weapon that has travelled in interstate commerce by an individual previously convicted of certain felonies. The fact that [a defendant] was convicted of a felony is an intrinsic issue in a § 922(g)(1) trial, and proof of a prior conviction is necessary for the offense to be substantiated."
> Gilliam, 994 F.2d 97, 100.

Despite this premise, the government has indicated that it will "request a limiting instruction that, unlike the Jones instruction, minimizes any mention of the defendant's's [sic] prior felony." Pl.'s Oppn. at 14. The Second Circuit looked favorably on such instructions in Gilliam, noting that "where the district court issues a proper curative instruction, we must presume that a conscientious jury will only use the proof of the prior conviction to satisfy the element of the crime." Gilliam, 994 F.2d at 100.

## IV. CONSLUSION

For the reasons stated herein, Defendant's motions to suppress and to bifurcate or sever his felon in possession count are denied. The Court will issue a limiting instruction that minimizes mention of the Defendant's prior felony conviction.

SO ORDERED.

Dated: July 31, 2008        s/ Hon. Sterling Johnson, Jr.
      Brooklyn, NY        Senior United States District Judge